UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAX DANIEL HOLT, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:10CV86 JCH |
| ) | |
| JULIE ANN HOLT, LYNETTE ELLIOTT, ) | |
| and RANDOLPH COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on separate Motions to Dismiss filed by Defendants. By way of background, on December 16, 2010, Plaintiff Max Daniel Holt filed his Complaint in this matter against Defendants Julie Ann Holt, Lynette Elliott, and Randolph County Sheriff's Department. (Doc. No. 1). For his "statement of claim," Plaintiff alleges as follows:

> Approximately November 29th, 2010, I was illegally arrested and detained by the Randolph County Sheriff Department as a direct result of a false report made by Julie Ann Holt and Lynette Elliott. In addition, the Randolph County Sheriff Department refused to arrest Ms. Holt and Ms. Elliott after finding out that a false report was made against my person. Also, the Randolph County Sheriff Department refused to give me a copy of the false statements made against my person...

> Note: Julie Ann Holt and Lynette, made false statements/reports to the Randolph County Sheriff Department which cause my unlawful arrest and illegal detention. The Randolph County Sheriff Department acted on the false report while knowing the report was completely false, therefore executing my arrest and illegal detention. In addition, the Randolph County Sheriff Department refused to give me a copy of the false complaint and neither a copy of the arrest report stating that I was arrested, therefore being illegally detained....

(Compl., ¶ IV). For relief, Plaintiff requests as follows:

> If filing a false report [is] illegal, then I want the Court to uphold my Constitution[al] rights according to the United States Constitution. Charges should be ordered against Julie Ann Holt and Lynette Elliott as a result of their willful and knowing acts and actions to violate State and Federal law. Ignorance of the law should not be an exemption, and neither should the demeaning of my person as "not" being worth the effort, nor not allowing the United States Constitution to cover and protect my civil rights and liberties.
>
> The Randolph County Sheriff Department should show cause as to how and why they carried out their duties absent from set State and Federal laws regarding persons filing false statements and reports, and most especially when my freedom was unjustly and illegally detained. The Department should report to the Court what criteria they go by, and whether race, gender, or social economical issues determine whether a person is covered by the law, and or, if they personally believe some should, or some should not, be covered by their understanding of the law...The sheriff Department failed to protect and cover my rights and privileges according to the United States Constitution and should be represended [sic].

(Id., ¶ V). Plaintiff does not claim actual or punitive monetary damages. (Id., ¶ VI).

At the outset, the Court notes that Plaintiff fails to state the grounds for filing the instant action in Federal Court. (See Compl., ¶ I). Liberally construing the Complaint as brought under 42 U.S.C. § 1983[1], the action must fail, for several reasons. First, with respect to Defendant Randolph County Sheriff's Department, the Court notes that police departments are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); Catlett v. Jefferson County, 299 F.Supp.2d 967, 969 (E.D. Mo. 2004) (Sheriff's Department not a legal entity subject to suit under § 1983). See also De La Garza v. Kandiyohi County Jail, 18 Fed. Appx. 436 (8th Cir. 2001) (local governments can be liable under § 1983 only if injury stems from official policy or custom (not alleged here)). Moreover, with respect to Defendants Julie Ann Holt and Lynette Elliott,

---

[1] To the extent Plaintiff is attempting to bring this action under 28 U.S.C. § 1332, federal subject matter jurisdiction does not exist, as Plaintiff specifically states he is not seeking monetary relief, and he does not allege, nor does there appear to be complete diversity of citizenship. See 28 U.S.C. § 1332.

Plaintiff does not allege, nor does it appear that said individual Defendants are state actors. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981) (to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 328 (1986).[2]  Finally, to the extent that Plaintiff attempts to raise pendent state law claims, the Court notes that where federal claims in an action have been dismissed, district courts may decline jurisdiction over state claims as a "matter of discretion."  28 U.S.C. § 1367(c)(3); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988).

Accordingly,

**IT IS HEREBY ORDERED** that the Separate Motion of Julie Ann Holt and Lynette Elliott to Dismiss, Make More Definite and to Strike (Doc. No. 14) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendant Randolph County Sheriff's Department's Motion to Dismiss, or in the Alternative, to Make More Definite and Certain (Doc. No. 18) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**.  An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of April, 2011.

/s / Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] As further support for its decision to dismiss the individual Defendants, the Court notes that the relief Plaintiff apparently seeks, i.e., the institution of criminal charges against Defendants Holt and Elliott, is not available through this suit.